IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-0944-DGK |
| DENNIS R. McDONOUGH, SECRETARY OF THE DEPARTMENT OF VETERAN AFFAIRS, | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT SUMMARY JUDGMENT**

This case arises out of Plaintiff Stephanie Lewis' employment with the Veteran's Administration in Kansas City, Missouri. Plaintiff maintains that while working at the Veteran's Administration she was not selected for a promotion in 2021 because of color discrimination.[1]

Now before the Court is Defendant Secretary of the Department of Veterans Affairs' ("VA") motion for summary judgment. ECF No. 29. Because the Complaint failed to plead a claim for color discrimination and, even if it had, there is no evidence that Lewis' dark skin color played any role in the VA's decision to promote another employee instead of her, the motion is GRANTED.

**Summary Judgment Standard**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit

---

[1] Lewis initially also asserted claims for gender discrimination, harassment, and retaliation. She explicitly abandoned these claims in her summary judgment briefing. Suggestions in Opp'n at 10, ECF No. 35.

under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing a lack of a genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must substantiate her allegations with "sufficient probative evidence that would permit a finding in her favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quotation omitted).

## Undisputed Material Facts

The Court finds the material undisputed facts to be as follows.[2]

Plaintiff Stephanie Lewis is an African American female who describes her skin color as "dark brown." She began working at the Kansas City VA Medical Center ("KCVAMC") as an Advanced Medical Support Assistant on December 10, 2017.

Beginning in November 2020, Lewis' immediate supervisor was Sharone Ince, an African American female who describes her skin color as "light brown." In 2020–21, Lewis' second-line supervisor was the Chief of Health Administration Services at the KCVAMC, Lori Groom.

On November 18, 2020, the VA issued Vacancy Announcement CBSS-10968643-21-BOS-AMR seeking to hire a Lead Medical Support Assistant at the KCVAMC. Two selectees

---

[2] To resolve the motion, the Court must first determine the material undisputed facts. The Court has limited the facts to those that are undisputed and *material* to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c) (emphasis added); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). It has included proposed facts that are material and which have been improperly controverted. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

were made from this one announcement. Ince was the VA's selecting official for the second selectee position, which is what this lawsuit concerns.[3]

Lewis submitted her resume for the position as did Victoria Malicoat, a Caucasian female who like Lewis was an Advanced Medical Support Assistant at the KCVAMC. In total, twenty-eight individuals applied for the position.

The twenty-eight applicants' resumes were initially scored by Groom based on four factors: (1) demonstration of knowledge of VA guidelines and policies related to scheduling appointments and consults; (2) supervisory experience; (3) experience managing data for the purpose of identifying opportunities to improve efficiency or customer service; and (4) interpersonal skills that would predict success in the position and ability to communicate effectively orally and in writing.

Groom scored all twenty-eight applicants' resumes. She ranked Malicoat the highest and had Lewis tied for sixth.

The resumes for Lewis and Malicoat are as follows:

**Stephanie Lewis**

* Advance Medical Support Assistant since December 2017
* Worked multiple jobs between 2013 and 2017 including as a Certified Nursing Assistant [Care Haven Homes and Life Care Center], billing representative [VA], admitting representative [St. Luke's Cushing Hospital], and information associate [St. Luke's Cushing Hospital]
* 2012 bachelor's degree in psychology [Saint Mary's]

---

[3] Avis Watson-McCloud was the selecting official for the first selectee position. Lewis finished second in that panel as well. The Court has excluded Plaintiff's proposed facts related to the first selectee position because they are irrelevant.

3

### Victoria Malicoat

* Advance Medical Support Assistant since May 2019
* Worked multiple jobs between 2015 and 2020 including a four-year stint as an administrative and office manager [Target Optical], real estate leasing agent [Northpoint Development], and laboratory assistant [Park University]
* Three years into obtaining a double bachelor's degree in biology and chemistry with a then estimated graduation date of May 2022 [Park University]

Following the scoring of the resumes, the applicant list was sent to Ince who organized an interview panel consisting of herself and two other VA managers to interview four applicants for the position: Lewis, Malicoat, Aubrey Haynes, and Felicia Gates.[4] The other VA managers were Jeff Hernbloom, (Facilities Service Chief who is a white male), and Lindsay Goens (Cardiology RN Care Coordinator who is a white female). Hernbloom works with John Wymore, Malicoat's stepfather, and Goens works directly with Ann Michelle Konopasek-Morris, Malicoat's mother.

No one from Human Resources participated in choosing the best qualified candidates, reviewed candidates' resumes, or provided interview questions.

In the ensuing interviews, the four applicants were all scored on their respective responses to the same seven interview questions provided by Ince. At the conclusion of each interview, the interviewers independently assessed scores based on the responses provided to the interview questions. After all the candidates had been interviewed, the resulting interview scores were tallied:

|  | Victoria Malicoat | Stephanie Lewis | Aubrey Haynes | Felicia Gates |
| --- | --- | --- | --- | --- |

---

[4] Another VA manager, Cheryl Perkins (Nurse 3 Manager), was also initially part of the interview panel, but during the interview process, Perkins had a medical conflict arise and she was not able to participate in all the interviews (including Lewis' interview). Consequently, Ince discarded Perkins' interview scores so that all the candidates could be evaluated based on the same set of interviewers.

| | | | | |
|---|---|---|---|---|
| Goens | 29/30 | 28/30 | 16/30 | 23/30 |
| Hernbloom | 29/30 | 26/30 | 15/30 | 30/30 |
| Ince | 29/30 | 26/30 | 15/30 | 21/30 |
| **TOTAL POINTS** | **87/90** | **80/90** | **46/90** | **74/90** |

Ince was the selecting official for the position, and after reviewing the respective resume and interview scores, she selected Malicoat for the position. Ince found Lewis had "similar qualifications" as Malicoat, but felt that Malicoat "conducted a stronger interview, as well as [demonstrated] qualities such as time management and courteous relationships in the workplace."

On January 25, 2021, Lewis received an email informing her that she had not been selected. Lewis then reached out to Ince seeking information as to why she was not chosen. On March 17, 2021, Ince sent an email to Lewis stating:

> Ms. Lewis I would like to thank you for interviewing for the Lead MSA position. Although you were a strong candidate for the position, another candidate was stronger. The interview panel showed room for improvement in the competency areas of:
>
> 1. Personal Mastery: Ability to organize work & function independently.
>
> 2. Interpersonal Effectiveness: Ability to communicate in writing.

Ince later testified that Lewis needed work on "courteous relationships." Lewis sought a meeting with Groom and Ince to discuss why she was not selected. Ince did not attend the meeting.

On April 5, 2021, Lewis filed a formal administrative complaint of discrimination raising only a single discrete issue—her allegation that her non-selection for the Advanced Medical Support Assistant position was the result of race and color discrimination.

On May 5, 2021, the VA notified Lewis and her attorney that it had received her written

complaint of discrimination and had identified as the lone issue, "Whether [Lewis] was discriminated against based on race (Black) and color (Dark) when on January 26, 2021,[5] Sharone Ince (SI), Advanced Medical Support Assistant Supervisor, did not select her for the Lead Medical Support Assistant, GS-7, position, under vacancy announcement number CBSS-10968643-21BOS-AMR." The letter further stated that:

> If you or your client believe that the accepted claim is improperly formulated, incomplete, or incorrect, this office must receive written notice within 7 calendar days of receipt of this letter. Any written statement of disagreement will be included in the complaint file. We will assume that the claim is correctly stated if no statement indicating otherwise is received by this office within 7 calendar days.

Lewis never challenged or disputed the lone accepted issue, and it was only that single non-selection issue that the VA investigated and addressed administratively.

Lewis believes the reasons Ince gave for her not being selected are pretext for discrimination. She believes the second panel all had connections to Malicoat, and that this shows preselection in violation of VA policy and discrimination. From some of Lewis' proposed facts, it appears she also believes Ince is not African American. (These proposed facts were excluded, because the undisputed admissible evidence in the record is that Ince is African American.)

Lewis worked together with Malicoat for a time, and Lewis believes that Malicoat was treated more favorably than her during that time. She also believes that she is more qualified for the position than Malicoat, and that Malicoat received special treatment.

## Discussion

Plaintiff agrees with the VA that she abandoned her claims for gender discrimination,

---

[5] Plaintiff received an email on January 25, 2021, informing her she had not been selected, but her administrative complaint alleges she was informed on January 26, 2021. The difference in dates is not material.

harassment, and retaliation during the summary judgment briefing, leaving only claims for race and—she asserts—color discrimination in Count I.

The VA makes two arguments for summary judgment on Count I. First, that Plaintiff abandoned any claim for color discrimination by not asserting it in the Complaint. Second, her race discrimination claim cannot survive analysis under *McDonnell Douglas*.

## I. The Complaint does not allege a claim for color discrimination.

Discrimination based on race and discrimination based on color are separate and distinct actions under Title VII. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 n.5 (4th Cir. 2002) ("Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor a light-colored African-American individual."); *Tusima v. Banner Univ. Med. Ctr. Phoenix*, No. CV-21-01693-PHX-JJT, 2023 WL 3344633, at *5 (D. Ariz. May 10, 2023) ("It may be counterintuitive that an allegation of discrimination based on race—for example, Black or African American—is not necessarily like or reasonably related to an allegation of discrimination based on color, but this flows from the fact that race- and color- discrimination claims are distinct.").[6] A plaintiff can waive or abandon a claim of discrimination by failing to plead it in her complaint, even if she administratively exhausted it by raising it in her administrative complaint. *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F.Supp.3d 730, 745 (N.D. Miss. 2015); *see generally United States ex rel. Donegan v. Anesthesia Assoc. of Kansas City, PC*, 833 F.3d 874, 880 (8th Cir. 2009) (affirming district court's refusal to consider theory first articulated in plaintiff's summary judgment papers); *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but, rather, is raised only in response to a

---

[6] As the VA notes, Plaintiff recognizes the distinction. In Count II, she claims the VA subjected her to a hostile work environment based on her "race" and "color."

7

motion for summary judgment is not properly before the Court.")

The VA contends that although Plaintiff asserted a claim for color discrimination in her administrative complaint, her Complaint fails to allege any such claim, thus she has abandoned it. Plaintiff responds that she pled sufficient factual allegations in paragraphs nine and fourteen to put the VA on "fair notice" that she was raising a color discrimination claim in Count I, which is all that is required.

This argument is unavailing. To sufficiently plead a claim, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Parkus*, 551 U.S. 89, 93 (2007). But even reading the allegations in paragraphs nine and fourteen expansively, Count I fails to plead a claim for discrimination based on color. Count I is captioned "Race Discrimination and Sex Discrimination Disparate Treatment." Compl. at 8, ECF No 1. The first paragraph "incorporates by this reference each and every allegation found in paragraphs 1–36." *Id*. ¶ 37. Thus, it includes the allegations in paragraphs nine and fourteen, which are "Plaintiff's administrative Complaints of Discrimination alleged that she was discriminated against on the basis of her race and color," and "Plaintiff is an African American with dark brown skin. She has worked at the Kansas City VA Medical Center for approximately four years as an Advanced Medical Support Assistant, GS-6." *Id*. ¶¶ 9, 14. The remaining paragraphs in Count I allege Plaintiff, "an African American female, is a member of a protected class;" she "was qualified for the position she held at the KCVA and met her employer's legitimate performance expectations;" she "suffered adverse job actions" in that the VA failed to promote her; she "[e]xperienced race-based harassment" and "sex-based harassment" that changed the terms and conditions of her employment; and she was "treated differently from similarly situated white employees." *Id*. ¶¶ 37–40. These allegations state a claim for race discrimination and sex

discrimination, not color discrimination. If anything, the fact paragraph nine mentions that the administrative complaint asserted color discrimination and then "color discrimination" is never mentioned in the Complaint again, suggests the Complaint *abandoned* any color discrimination claim, not asserted one.

Accordingly, the Court holds that even though Plaintiff administratively exhausted a color discrimination claim in connection with her non-selection for the Lead Medical Support Assistant position, she subsequently abandoned it by failing to plead such a claim in Count I.

## II. Plaintiff's race discrimination claim does not survive *McDonnell Douglas* analysis.

The parties agree that Count I pleads a Title VII race discrimination claim and that Plaintiff has no direct evidence of discrimination, thus she must prove intentional discrimination under the *McDonnell Douglas* burden-shifting framework. *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 887 (8th Cir. 2015). The question is whether her claims survives this analysis. The Court holds it does not.

Under the *McDonnell Douglas* framework, Plaintiff must first establish a prima facie case. *Huynh v. U.S. Dep't of Transp.*, 794 F.3d 952, 958 (8th Cir. 2015). If she does, then the burden shifts to the VA to offer a legitimate, non-discriminatory reason for its actions. *Id*. If the VA can establish a legitimate, non-discriminatory reason for doing so, the burden shifts back to Plaintiff to prove the VA's reason was pretext for discrimination. *Id*.

To establish a prima facie case of race discrimination in a failure-to-promote case, Plaintiff must show: (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) a similarly-situated candidate, not part of the protected group, was hired for the position instead. *Pope v. ESA Servs., Inc.*, 406 F.3d

9

Case 4:21-cv-00944-DGK   Document 40   Filed 02/16/24   Page 9 of 12

1001, 1007 (8th Cir. 2005), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). Plaintiff has established a prima facie case because she has shown she is African American, she applied for and was denied a Lead Medical Support Assistant position, and that the VA promoted Malicoat, a similarly-situated Caucasian applicant instead. The burden of production then shifts to the VA, which has articulated a legitimate, non-discriminatory reason for promoting Malicoat, namely, it viewed her as better qualified since she had the highest resume and interview scores. This is a legitimate, non-discriminatory reason. *See, e.g., Hill v. City of Pine Bluff,* 696 F.3d 709, 714 (8th Cir. 2012) (selecting candidate employer viewed as "more experienced" and "better qualified" was a legitimate, nondiscriminatory reason for the plaintiff's non-selection).

The burden now shifts back to Plaintiff to show this reason was a pretext for racial discrimination. To show pretext,

> a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason . . . . [T]he plaintiff must do more than simply create a factual dispute as to the issue of pretext; [she] must offer sufficient evidence for a reasonable trier of fact to infer *discrimination*.

*Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010) (emphasis added). That is, a plaintiff "must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations." *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765, 769 (8th Cir. 2008). A court may grant summary judgment if a plaintiff fails to show that there is a genuine issue of material fact as to whether the employer's proffered justification was a pretext for an illegal discriminatory motive. *Id*.

In the present case, Plaintiff has failed to show that the VA's stated reason for hiring Malicoat—Ince believed she was more qualified—was pretext for racial discrimination. The

10

evidence in the record indicates she was the best candidate.  The individual who scored the candidates' resumes, Lori Groom, ranked Malicoat first out of twenty-eight, and all three individuals on the interviewing panel ranked Malicoat first as well.  Plaintiff can quibble with these decisions, but a plaintiff's "own opinions that [she] should have received higher interview scores are 'simply irrelevant' as it is the employer's perception that is relevant, not the applicant's 'subjective evaluation' of [her] own 'relative performance.'"  *Torgerson*, 643 F.3d at 1050.  Employers have wide latitude to make personnel decisions.  *Lacroix v. Sears, Roebuck and Co.*, 240 F.3d 688, 692 (8th Cir. 2001).  As the Eight Circuit has repeatedly observed, "the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers."  *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 916 (8th Cir. 2007).

At best, Plaintiff may have shown an issue of material fact as to whether the VA's stated reason was pretext for hiring the candidate management wanted because the interview process was stacked in Malicoat's favor as the preferred "insider" candidate.  But nothing in the record suggests the VA's stated reason was a pretext for race discrimination, which is what Plaintiff must show.  The primary decision maker here, Ince, is herself African American.  While this fact is not dispositive, it makes it more difficult for Plaintiff to establish pretext.  *See, e.g., Holston v. Sports Auth., Inc.*, 136 F. Supp. 2d 1319, 1335 (N.D. Ga. 2000) ("[W]hen the decision makers are in the same protected class as the employee complaining about an adverse employment decision, the employee faces a more difficult burden in establishing that a discriminatory animus played a role in the decision complained about."); *Almon v. Goodyear Tire & Rubber Co.*, No. 07-4104-SAC, 2009 WL 1421199, at *7 (D. Kan. May 20, 2009) ("Although the fact is not dispositive, proof that the decisionmaker is the same race as the plaintiff considerably undermines the

probability that race was a negative factor in the employment decision.").

Because Plaintiff has not placed any admissible evidence in the record that the VA's stated reason for hiring Malicoat over Plaintiff was a pretext for race discrimination, Plaintiff's race discrimination claim fails.

## Conclusion

For the reasons set forth above, the VA's motion for summary judgment, ECF No. 29, is GRANTED.

**IT IS SO ORDERED.**

Date: February 16, 2024         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT